UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory D. Foley,<br><br>                              Plaintiff,<br><br>v.<br><br>Corey Kaldenbach, et al.,<br><br>                              Defendants. | Case No.: 15-cv-01627-CAB-AGS<br><br>**REPORT AND RECOMMENDATION TO:**<br><br>**(1) GRANT FOLEY'S MOTION TO AMEND COMPLAINT [Doc. 62];**<br><br>**(2) DENY FOLEY'S MOTION FOR DEFAULT JUDGMENT [Doc. 66];**<br><br>**(3) DENY CITY OF OCEANSIDE'S MOTION TO DISMISS [Doc. 46]; and**<br><br>**(4) DENY RONALD NEVARES'S MOTION TO DISMISS [Doc. 60].** |

   A criminal jury found Gregory Foley guilty of resisting an officer with violence. Based on the same underlying facts, Foley brought this civil rights action, alleging the police used excessive force. Because the criminal jury necessarily rejected that argument—and its verdict remains unchallenged—this suit seems to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

   Of course, Foley later amended his complaint. But that made matters worse. The new pleading contains no factual recitation whatsoever and omits the previously-named

defendant City of Oceanside.  Now Foley seeks leave to amend and other relief, while the defendants move to dismiss due to the current complaint's alleged deficiencies.

### 1. Foley's Motion to Amend the Complaint

Foley asks to amend his pro se complaint again, because he "was not aware he could state multi[p]le S[t]atu[t]es and Relief in one complaint." [Doc. 62, at 2.]  Foley's lack of legal sophistication is borne out by these proceedings.  His latest complaint, for instance, is a threadbare listing of new defendants, suggesting that he incorrectly assumed the document automatically incorporated his prior allegations and defendants.  *Compare* [Doc. 28] *with* [Doc. 1].

Because the "court should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), I recommend that Foley's motion to amend be **GRANTED**.  And I recommend that Foley be instructed to set forth in his second amended complaint all putative defendants, causes of action, and factual bases for his claims.[1]

### 2. Foley's Motion for Default Judgment

Foley also seeks a default judgment for failure to timely answer the complaint.  But only defendant Ronald Nevares was properly served, and he timely filed a motion to dismiss.  That motion tolled the answer deadline, which remains stayed.  *See* Fed. R. Civ. P. 12(a)(4)(A) ("serving a motion [to dismiss]" delays the responsive pleading deadline until "14 days after notice" that the court "denie[d] the motion or postpone[d] its disposition until trial").  Thus, I recommend that this motion be **DENIED**.

### 3. Motions to Dismiss

Based on the recommendation that Foley be allowed to amend his complaint, I also recommend that both the City of Oceanside's and Ronald Nevares's motions to dismiss the current complaint be **DENIED** as moot.

---

[1] Unless Foley names the City of Oceanside in his second amended complaint, I would recommend that the City be dismissed from this action.  By omitting that defendant from his latest complaint, Foley waived his claims against the City.

2

The Court directs Foley to review and comply with Federal Rule of Civil Procedure 72. If he fails to comply with Rule 72, Foley may waive these issues on appeal.

Dated: January 30, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge