UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GREGORY D. FOLEY,

                                        Plaintiff,

v.

COREY KALDENBACH, et al.,

                                        Defendant.

Case No.:  15cv1627-CAB-AGS

**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 79] AND PROVIDING PLAINTIFF WITH SPECIFIC INSTRUCTIONS REGARDING FURTHER PROCEEDINGS**

**REPORT AND RECOMMENDATION**

On April 18, 2016, Plaintiff Gregory D. Foley filed a first amended complaint. [Doc. No. 28.]  On August 31, 2016, Defendant City of Oceanside filed a motion to dismiss. [Doc. No. 46.]  On November 16, 2016 Defendant Ronald Nevares filed a motion to dismiss.  [Doc. No. 60.]  On November 17, 2016, Plaintiff filed a motion to amend the complaint.  [Doc. No. 62.]  Finally, on November 28, 2016, Plaintiff filed a motion for default judgment.  [Doc. No. 66.]

On January 30, 2017, Magistrate Judge Andrew G. Schopler prepared a Report and Recommendation ("Report") recommending that Plaintiff's motion to amend be granted, Plaintiff's motion for default judgment be denied, Defendant City of Oceanside's motion to dismiss be denied as moot, and Defendant Nevares' motion to dismiss be denied as

1

moot. [Doc. No. 79.] The Report also ordered that any objections were to be filed within the time limits set forth in Federal Rule of Civil Procedure 72. [Report at 3.] To date, while Plaintiff has filed several other documents, no objection has been filed, nor have there been any requests for an extension of time in which to file an objection.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation.  The Court reviews *de novo* those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*.  In the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbel v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, neither party has timely filed objections to the Report.  Having reviewed it, the Court finds that it is thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby (1) **ADOPTS** Magistrate Judge Schopler's Report and Recommendation [Doc. No. 79]; (2) **GRANTS** Plaintiff's motion to amend [Doc. No. 62]; (3) **DENIES** Plaintiff's motion for default judgment [Doc. No. 66]; (4) **DENIES AS MOOT** Defendant City of Oceanside's motion to dismiss [Doc. No. 46]; and (5) **DENIES AS MOOT** Defendant Nevares' motion to dismiss [Doc. No. 60].

*/ / / / /*

**INSTRUCTIONS TO PLAINTIFF AS TO HOW TO PROCEED**

**A.** Background

On July 14, 2015, Plaintiff filed the original complaint which named the following defendants:  City of Oceanside, Oceanside Police Department, and Does 1-12.  The complaint was filed on a form provided for state prisoners suing under 42 U.S.C. §1983.  The original complaint also contained factual allegations.  [*See* Doc. No. 1.]  On November 20, 2015, the Court granted Plaintiff's motion to amend to substitute a named defendant for a Doe defendant.  [Doc. No. 18.]  Plaintiff was instructed that, if he wanted to add the named defendants, he needed to file an Amended Complaint by December 21, 2015, that named *all* the defendants and contained sufficient "factual matter" to show: (1) how and why he believes his constitutional rights were violated; and (2) what *each* individual Defendant did to cause him injury.  [Doc. No. 18 at 6-7.]

December 21, 2015, came and went, but Plaintiff did not file an Amended Complaint.  On February 9, 2016, however, Plaintiff filed a motion requesting the issuance of a summons and U.S. Marshal Service.  [Doc. No. 23.]  Therefore, the Court assumed Plaintiff wanted to stand on his original complaint and conducted its mandatory screening of that pleading pursuant to 28 U.S.C. §§1915e(2) and 1915A before determining whether U.S. Marshal service was warranted.  The Court determined that Defendant Oceanside Police Department is not subject to suit under Section 1983 and therefore dismissed that defendant from the action.  [Doc. No. 25.]  The Court then ordered the U.S. Marshal to serve the complaint on the City of Oceanside, which was the only defendant in the action at that time.  Thus, at this point, the original complaint was still the operative complaint, but with only one defendant.

On April 18, 2016, Plaintiff filed a motion to amend the complaint [Doc. No. 29] as well as what appeared to be a proposed First Amended Complaint ("FAC"). [Doc. No. 28].  On September 14, 2016, Magistrate Judge Ruben Brooks granted the motion to amend and deemed the FAC to be the operative pleading.  [Doc. No. 49 at 1.]  Upon further review, however, it is apparent that the FAC is **NOT** a viable complaint.  First, the

FAC appears to name the individual defendants, but it omits the City of Oceanside as a defendant.[1]  In addition, the FAC does not contain **ANY** factual allegations.  Instead, it merely attaches a proposed summons for each individual defendant.  It also has no identifiable claims and no prayer for relief.  The FAC is simply not a viable complaint and is therefore **DISMISSED** without prejudice.

Plaintiff is **ADVISED** that, at this point in time, there is **NO** operative complaint in this action.  However, Plaintiff will be given one **FINAL** opportunity to file a Second Amended Complaint as set forth below.

**B.** Recent Filings by Plaintiff

After Judge Schopler issued the Report, Plaintiff filed several additional documents.  [Doc. Nos. 81, 83 and 85.]  One of the documents is 79 pages long, appears to be a motion requesting leave to file a Second Amended Complaint, and even references a "Second amended complaint for defendants . . . .as per ordered by the court in, Report and Recommendation."  [Doc. No. 83 at 1.] However, in 79 pages, there is nothing that resembles a Second Amended Complaint.  Rather, it appears to be a narrative of past events as well as a discussion of the current litigation; it also provides occasional legal citations, and attaches some police reports from the underlying event.  However, it does not contain the necessary components of a complaint.  Therefore, the documents that have been submitted to date by Plaintiff do **NOT** constitute a viable Second Amended Complaint.

The last filing by Plaintiff appears to be a motion regarding service of summons on the individual defendants.  [Doc. No. 85.]  Plaintiff is **ADVISED** that the Court will not address any issues regarding the issuance of summons or service on defendants **unless and until** Plaintiff files a viable Second Amended Complaint as set forth below.

/ / / / /

---

[1] Unless Plaintiff intended to dismiss the City of Oceanside, by not naming the City of Oceanside in the FAC, Plaintiff may waive his claims against the City.

**C.** Instructions on How to Prepare a Second Amended Complaint

Plaintiff is hereby granted one **FINAL** opportunity to file a Second Amended Complaint. The Court **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to file his Second Amended Complaint. Plaintiff's pleading must be identified as his Second Amended Complaint, include Civil Case No. 15cv1627 CAB (AGS) in its caption, name the **all** parties he wishes to sue, and allege **all** the claims he wishes to pursue in one single, clear, and concise pleading. Plaintiff is reminded that he need not cite case law or make any legal arguments or attach any evidence. Instead, he should avoid exaggeration, and use short, plain, declarative sentences to describe, in his own words, what each individual person he names as a defendant did to violate his rights, when, where, and how they did it, and what relief he seeks. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal v. Ashcroft*, 556 U.S. 662, 676 (2009) (noting that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

In order to assist Plaintiff in the preparation of the Second Amended Complaint, and to encourage his timely compliance, the Court also **DIRECTS** the Clerk of Court to provide Plaintiff with *another* copy of its form Civil Rights Complaint pursuant to 42 U.S.C. § 1983, and strongly suggests that he use it. Plaintiff's Second Amended Complaint must also comply with S.D. Cal. CivLR 8.2(a); therefore, *he may attach no more than fifteen (15) additional pages*.

## CONCLUSION

For all the reasons discussed, the Court:

(1) **ADOPTS** Magistrate Judge Schopler's Report and Recommendation [Doc. No. 79];

(2) **GRANTS** Plaintiff's motion to amend [Doc. No. 62];

(3) **DENIES** Plaintiff's motion for default judgment [Doc. No. 66];

(4) **DENIES AS MOOT** Defendant City of Oceanside's motion to dismiss [Doc. No. 46];

(5) **DENIES AS MOOT** Defendant Nevares' motion to dismiss [Doc. No. 60];

(6) **DISMISSES WITHOUT PREJUDICE** the FAC [Doc. No. 28];

(7) **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to file his Second Amended Complaint. Plaintiff's pleading must be identified as his Second Amended Complaint, include Civil Case No. 15cv1627 (CAB)(AGS) in its caption, name the all parties he wishes to sue, and allege all the claims he wishes to pursue in one single, clear, and concise pleading. In order to assist him, and to encourage his timely compliance, the Court also **DIRECTS** the Clerk of Court to provide Plaintiff with *another* copy of its form Civil Rights Complaint pursuant to 42 U.S.C. § 1983, and strongly suggests that he use it. Plaintiff's Second Amended Complaint must also comply with S.D. Cal. CivLR 8.2(a); therefore, *he may attach no more than fifteen (15) additional pages*; and,

(8) **CAUTIONS** Plaintiff that, should he fail to comply with the directions set forth in this Order by filing a Second Amended Complaint within the 45 days provided, the Court will dismiss his entire civil action without prejudice based on his failure to prosecute and/or comply with the Court's Orders permitting amendment. *See Lira*, 427 F.3d at 1169 ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

amending the complaint or by indication to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

Dated:  March 13, 2017

_____

Hon. Cathy Ann Bencivengo
United States District Judge