UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory D. FOLEY,<br>       Plaintiff,<br>v.<br>Corey KALDENBACH, et al.,<br>       Defendants. | Case No.: 15-cv-1627-CAB-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 102)** |

A prisoner convicted of resisting arrest is typically prohibited from turning around and suing the arresting officers under 42 U.S.C. § 1983 for using excessive force. *See Heck v. Humphrey*, 512 U.S. 477, 486 n. 6 (1994). Plaintiff attempts to do so here, and his suit is indeed barred by *Heck*.

## **BACKGROUND**[1]

On September 1, 2013, police arrested plaintiff Gregory Foley at his home and shot him at least once. Based on this event, Foley was later convicted of resisting an officer by threats and violence, as well as two counts of willful cruelty to his elderly parents under circumstances likely to cause great bodily injury. (ECF No. 102-2, at 5.)

---

[1] The Court takes judicial notice of the California Court of Appeals decision, the verdicts in Foley's underlying criminal case, and the information and amended information in that case. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." (citation omitted)). The Court denies the request to take judicial notice of the investigation report and the transcript portions attached to defendants' motion and has not considered them in making its recommendation.

1

The parties bitterly dispute what led up to the arrest and shooting. According to the trial evidence, a police officer responded to a 911 call from Foley's home and found Foley's mother in the garage, "covered in blood and her face was badly swollen." (ECF No. 102-2, at 6.) She reported that she had been "assaulted and stabbed by Foley." (*Id.*) While the officer helped her, Foley opened the door to the garage from inside the house, prompting the officer to order him to come out. Foley cursed at the officer and said, "Come in and get me." (*Id.*) Then he slammed the door. (*Id.*)

After more officers arrived, the police used a public address system to order Foley out of the house, but he did not respond. "Ultimately[,] police entered the house and engaged in a prolonged struggle to subdue Foley who was armed with a knife." (ECF No. 102-2, at 6.) "Foley refused to drop the knife even after he had been hit with rubber bullets." (*Id.*) In the struggle, "Foley was shot once in the shoulder and then retreated to another room" where a "police dog was sent to subdue Foley who continued to fight until an officer struck him in the head." (*Id.*)

After his conviction, Foley brought this civil-rights action, claiming the officers used excessive force and fabricated evidence against him. (ECF No. 88, at 9-10, 29.) He also alleges that the officers' employer, defendant City of Oceanside, failed to adequately train or supervise them. (ECF No. 88, at 12-13.)

In his second amended complaint, Foley asserts that on the day of his arrest he "observed his father telling officers to get out of his house." (ECF No. 88, at 9.) Foley asked the officers what they wanted, "and they stated they were there to help." (*Id.*) But rather than helping, officers opened fire, shooting Foley twice—in the stomach and in the leg—and missing with a third round. (*See id.*) Foley stumbled back into his room and collapsed on his bed, where he was set upon by a police canine, which "severely injured" his right arm. (*Id.*) Finally, an officer came forward and punched Foley in the head, fracturing his skull, and then shot Foley in the chest with his service pistol. (*Id.*)

Arguing that the criminal jury necessarily rejected Foley's version of events, the officers and City of Oceanside now move to dismiss the second amended complaint.

2

# DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court made clear that convicted criminals may not use civil-rights lawsuits under 42 U.S.C. § 1983 to indirectly challenge their convictions. Such suits present federal courts with a simple question: Would the lawsuit's success "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence"? *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) (citations omitted). If so, the suit is barred, "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

## A.  Excessive-Force Claim

A jury convicted Foley of resisting an executive officer by threats and violence, in violation of California Penal Code § 69. (ECF No. 102-2, at 5.) That jury necessarily found, as an element of this offense, that "the officer was performing his *lawful* duty." *See Campbell v. Jenkins*, Civil No. 14-CV-2837-WVG, 2016 WL 1600168, at *12 (S.D. Cal. Apr. 21, 2016) (emphasis added). Yet to prevail on his excessive-force claim, Foley would have to prove the opposite—that the officer used excessive force and was therefore performing his duties *unlawfully*. This claim seems to undermine Foley's conviction, which runs afoul of *Heck*.

In theory, Foley might attempt to avoid this conclusion by arguing that his resisting-an-officer conviction arose out of a separate phase of his law-enforcement encounter than the focus of his civil-rights lawsuit. For instance, Foley might concede that he initially resisted arrest, but later—after he was subdued—an officer unlawfully used excessive force on him. This hypothetical argument fails for two reasons. First, Foley has not advanced it. He essentially denies resisting arrest altogether. And he has never disputed that it was one continuous encounter. Second, the Ninth Circuit has already foreclosed it. In *Smith v. City of Hemet,* the en banc Court held that a "jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would '*necessarily* imply the invalidity

3

of his conviction.'" 394 F.3d at 699 n.5; *see also Beets v. Cty. of L.A.*, 669 F.3d 1038, 1045 (9th Cir. 2012) (reaffirming the *Smith* analysis).[2]

Thus, Foley's criminal jury verdict dooms his excessive-force claim.

**B.  Evidence-Fabrication Claims**

Foley also claims that various defendants falsified evidence and perjured themselves at his criminal trial. (*See* 2d Am. Cmpl., ECF No. 88, at 10, 15, 18, 29.) Since the jury relied on this evidence and testimony in convicting Foley, those claims are also plainly *Heck*-barred. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding that *Heck* barred claims for "[w]rongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against Guerrero," because these allegations "could not have occurred unless he were innocent of the crimes for which he was convicted."); *Daughtery v. Wilson*, No. 08cv0408-WQH (BLM), 2010 WL 2605815, at *7 (S.D. Cal. Apr. 14, 2010) (holding that "Plaintiff's claims that Defendants committed perjury, falsified police reports, and fabricated evidence necessarily imply the invalidity of his convictions" and are necessarily "barred by *Heck*"); *accord Warren v. Fischl*, 674 F. App'x 71, 73 (2d Cir. 2017) ("The very premise of Appellant's claims is that the defendants conspired to fabricate evidence and testimony against him and introduced such fabricated evidence and perjury at trial. Such claims, if proved, would demonstrate the invalidity of his conviction."); *Lewis v. Miller*, 677 F.3d 324, 333 (7th Cir. 2012) (same).

---

[2] The Court recognizes that the Ninth Circuit came to the exact opposite conclusion when the conviction rested on a guilty plea, rather than a jury verdict. *See Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (holding that a resisting-arrest conviction based on a guilty plea "does not bar a § 1983 claim for excessive force under *Heck* when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction'"). This peculiar distinction is not without its critics. *See, e.g.*, *Wilson v. City of Long Beach*, 567 F. App'x 485, 487 (9th Cir. 2014) (Watford, J., dissenting) ("For reasons that remain a mystery to me, . . . the analysis is different when the defendant's conviction results from a jury verdict rather than a guilty plea."). Nonetheless, Foley was convicted by a jury, so this Court is bound by the en banc decision in *Smith*, as reaffirmed in *Beets*.

4

### C. Municipality Claims

As Foley's municipality-based claims all arise from the same excessive-force and fabrication allegations, his action against the City of Oceanside must also be dismissed. *See Larin v. Cty. of Santa Barbara*, Case No. CV 15-2734-GW (SP), 2016 WL 9244021, at *7 (C.D. Cal. Dec. 13, 2016) ("[P]laintiff's *Monell* and supervisory liability claims are in any event barred because under *Heck* he cannot demonstrate an underlying constitutional violation.").

### D. Leave to Amend

Due to the complete *Heck* bar, all of Foley's civil-rights claims should be dismissed, and there is no need to reach defendants' other arguments. Any dismissal should be without leave to amend, unless Foley can show that his conviction has been invalidated. *See Larin*, 2016 WL 9244021, at *7 ("[B]ecause amendment would be futile in light of *Heck*, the dismissal should be without leave to amend." (citation omitted)).

## CONCLUSION

Because Foley's success in this § 1983 case would necessarily cast doubt on his conviction, *Heck v. Humphrey* bars his lawsuit. Thus, this Court recommends that defendants' motion to dismiss be **GRANTED** and that the second amended complaint be dismissed without leave to amend. But the dismissal should be without prejudice to Foley's right to bring his claims again, if his conviction is overturned or invalidated.

Since the entire suit is *Heck*-barred, the Court denies Foley's request for counsel. (*See* ECF No. 105, at 86-92.)

The parties must file any objections to this report by January 25, 2018. *See* Fed. R. Civ. P. 72(b)(2). The party receiving such objections must file any response by February 8, 2018. *See* Fed. R. Civ. P. 72(b)(2).

Dated: January 8, 2018

Hon. Andrew G. Schopler
United States Magistrate Judge